C. Larry O'Rourke (State Bar No. 219255)
larry.orourke@finnegan.com
Scott R. Mosko (State Bar No. 106070)
scott.mosko@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California 94304-1203
Telephone:   (650) 849-6600
Facsimile:    (650) 849-6666

John R. Alison (admitted *pro hac vice*)
Thomas L. Jarvis (admitted *pro hac vice*)
John M. Williamson (admitted *pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
901 New York Ave, N.W.
Washington D.C. 20001-4413
Telephone:   (202) 408-4000
Facsimile:    (202) 408-4400

Attorneys for Defendants
S3 GRAPHICS CO., LTD. and S3 GRAPHICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation<br><br>Plaintiff,<br><br>v.<br><br>S3 GRAPHICS CO., LTD.,<br>a Cayman Islands corporation,<br>and S3 GRAPHICS, INC.,<br>a Delaware corporation<br><br>Defendants, | CASE NO. 5:11-CV-00210-EJD<br><br>**DEFENDANTS S3 GRAPHICS CO., LTD.'S AND S3 GRAPHICS, INC.'S NOTICE OF MOTION AND MOTION TO STAY**<br><br>Date: October 14, 2011<br>Time: 9:00 A.M.<br>Court: Courtroom 1<br>Judge: Honorable Edward J. Davila |

**NOTICE OF MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that on October 14, 2011, at 9:00 A.M., or as soon thereafter as it may be heard, in Courtroom 1 of this Court, before the Honorable Edward J. Davila, declaratory judgment defendants/counterclaim plaintiffs S3 Graphics Co., Ltd. and S3 Graphics, Inc. (collectively "S3G") will and hereby do move for an order staying this civil action in its entirety until the *first* to occur of either of the following events:

    1)      the U.S. Patent & Trademark Office concludes both the *ex parte* reexaminations of U.S. Patent Nos. 6,658,146 ("the '146 patent") and 6,683,978 ("the '978 patent"), and the *inter partes* reexaminations of U.S. Patent Nos. 6,675,417 ("the '417 patent") and 7,043,087 ("the '087 patent") and issues Reexamination Certificates for each;[1]

        or

    2)      the U.S. Patent and Trademark Office issues a Reexamination Certificate on any one of more of the four asserted patents, plus six months.

S3G brings this motion, in part, pursuant to 35 U.S.C. § 318, which expressly provides that a patent owner may obtain a stay of any pending litigation "involving an issue of patentability of any claims of the patent, which are the subject of an *inter partes* reexamination order unless the stay would not serve the interests of justice."

Here, the *inter partes* reexamination process already is well advanced: the U.S. Patent and Trademark Office ("PTO") has not only declared a reexamination, but also has issued "First Office Actions" for the claims of the two S3G patents at issue. Moreover, these very same S3G patent claims currently are embroiled in a Section 337 investigation between S3G and Apple now pending before the U.S. International Trade Commission ("ITC"). The ITC is scheduled to issue its Final Determination regarding patentability and infringement on November 1, 2011, with likely appeals to the U.S. Court of Appeals for the Federal Circuit thereafter. Under these circumstances, the interests

---

[1] The four S3G patents identified above (the '146, '978, '417, and '087 patents) are the only patents that are at issue in the action now pending before this Court.

of justice are served by granting a stay, thereby avoiding a further round of late-filed patent challenges before this Court, as a fourth tribunal, in view of the currently expenditure of judicial resources in other judicial fora.

This motion is further made, in part, pursuant this Court's precedent staying litigation pending *ex parte* patent reexamination proceedings. Here, as with the *inter partes* reexaminations discussed above, the two *ex parte* patent reexaminations are equally well advanced and the very same *ex parte* reexamination claims currently are embroiled in the very same Section 337 investigation between S3G and Apple. Moreover, the two patents involved with the *ex parte* reexamination share a virtually identical "specification," (the written text describing embodiments of the invention) with the two patents involved in the *inter partes* reexamination and also set forth generally similar families of patent claims. Thus, in view of the highly interrelated nature of the subject matter at issue, a parallel stay of the *ex parte* proceedings would avoid the unnecessary expenditure of judicial and private resources and generally serve the interests of justice in managing this civil action.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings on file, any argument of counsel, and such other materials as may be presented in connection with the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants S3G hereby move to stay this action until the PTO concludes both the *ex parte* reexaminations of the '146 and '978 patents and the *inter partes* reexaminations of the '417 and '087 patents, which are the four patents at issue in this action.

### I. Factual Background

On November 4 and 5, 2010, Apple Inc. ("Apple") filed its requests seeking PTO reexamination of all four of the patents now at issue in this suit, seeking *ex parte* reexamination of S3G's '146 and '978 patents and *inter partes* reexamination of S3G's '417 and '087 patents. (Campbell Decl. ¶¶ 2-5.) The four patents in reexamination generally relate to methods and apparatuses used in image processing systems and, more specifically, to "three-dimensional

1   rendering systems using fixed-rate image compression for textures." '978 patent at 1:12-14 (Docket

2   Index 1 at 55.).

3        On January 13, 2011, Apple also initiated the present declaratory judgment action in this

4   Court seeking, among other things, a declaration that the asserted claims of S3G's '146, '978, '417,

5   and '087 are invalid as anticipated, for obviousness, or under 35 U.S.C. § 112. (Docket Index 1.)

6         Between January 20 and February 1, 2011, the PTO instituted the *inter partes*

7   reexaminations of the '417 and '087 patents and *ex parte* reexaminations of the '146 and '978

8   patents.[2] (Campbell Decl. ¶¶ 6-9.) On June 3 and June 6, 2011, the PTO issued "First Office

9   Actions" in the *inter partes* reexaminations of the '417 and '087 patents, respectively. (Campbell

10  Decl. ¶¶ 10-11.) And on July 1, 2011, the PTO simultaneously issued "First Office Actions" in *ex*

11  *parte* reexaminations of the '146 patent and the '978 patents. (Campbell Decl. ¶¶ 12-13.)

12       S3G's responses to these First Office Actions are currently due (1) on September 6, 2011, for

13  the '417 and '087 patents and (2) on October 3, 2011, for the '146 and '978 patents (following grants

14  of one-month extensions). (Campbell Decl. ¶¶ 14-17.)

15       On August 5, 2011, pursuant to the Court's "Patent Scheduling Order," S3G served

16  infringement contentions describing Apple's infringement and asserting only claims that the PTO is

17  reexamining.[3] (Campbell Decl. ¶ 18.)

18  **II.    Procedural Background — Statutory Patent Reexamination**

19       Reexamination permits "any person" to petition the PTO to reexamine a patent, following its

20  date of issuance, on the basis of "patents or printed publications which that person believes to have a

21  bearing on the patentability of any claim of a particular patent." 35 U.S.C. § 301-02. As explained in

22  the legislative history, "Reexamination will permit efficient resolution of questions about the validity

23  of issued patents without recourse to expensive and lengthy infringement litigation." *See* 3 H.R. Rep.

---

[2] Specifically the PTO is reexamining claims 1-4, 8, 13, 16, 18, and 19 of the '146 patent; claims 11, 14, 15, and 16 of the '978 patent; claims 1, 7, 8, 12, 13, 15, and 23 of the '417 patent; and claims 1, 6, and 7 of the '087 patent. (Campbell Decl. ¶¶ 6-9.)

[3] Specifically, S3G asserted claims 2, 4, 8, 13, 16, 18, and 19 of the '146 patent; claims 11, 14, and 16 of the '978 patent; claims 1, 7, 8, 12, 13, 15, and 23 of the '417 patent; and claims 1, 6, and 7 of the '087 patent. (Campbell Decl. ¶ 18.)

No. 96-1307, 96th Cong., 2d Sess., pt. 1, at 3-4 (1980), *reprinted in* 1980 U.S. Code Cong. & Admin. News at 6460, 6462.

Congress has enacted two distinct types of statutory reexamination: (1) *ex parte* reexamination (*see* 35 U.S.C. § 301 et seq.); and (2) an "optional" inter partes reexamination (*see* 35 U.S.C. § 311 et seq.). The requirements and procedures of *inter partes* reexamination are similar, but not identical to, *ex parte* reexamination.

In both types, a requester seeking reexamination must provide information "having a bearing on patentability." 35 U.S.C. § 301. The PTO then determines whether such information gives rise to "a substantial new question of patentability." If so, the PTO then proceeds to "reexamine" the claims using the same procedures used in an initial examination.

In *ex parte* reexamination, the person requesting reexamination (who may remain anonymous) can reply if the patent owner files a statement: otherwise, the requester has no further involvement in the proceedings. The *ex parte* requester is free, however, to file multiple requests for reexamination, either simultaneously or sequentially.

In an *inter partes* reexamination, the requester must disclose its identity. In return, the requester receives the right to participate in the reexamination process and to comment upon the patentee's submissions, not only before the PTO but also through to an appeal to the Federal Circuit. The *inter partes* requester also is restricted from filing concurrent *inter partes* requests and is statutorily estopped from asserting the invalidity of the reexamined patents (assuming that claims issue) in subsequent district court proceedings. *See generally* 4 Donald Chisum, *Chisum on Patents* at § 11.07[4], especially at [4][a] (11-710 to -713) and [4][g] (11-858 to -884). Finally, in 35 U.S.C. § 318, Congress has provided the patent owner in an *inter partes* reexamination with a presumptive stay of concurrent district court proceedings, as explained below. *Id*. at § 11.07[4][g] (at 11-878).

    **A.**    **Application of the Governing Legal Standards to the Facts Favors a Stay of Both the *Inter Partes* and *Ex Parte* Reexamination Proceedings**

First, with respect to *inter partes* reexaminations, 35 U.S.C. § 318 provides that:

> Once an order for *inter partes* reexamination of a patent has been issued under section 313, the patent owner may obtain a stay of any pending litigation which involves an issue of patentability of any claims of the patent which are the subject of the *inter partes*

reexamination order, unless the court before which such litigation is pending determines that a stay would not serve the interests of justice.

35 U.S.C. § 318. *See Fresenius USA Inc. v. Baxter International Inc.*, 582 F.3d 1288, 1305 n. 1 (Fed. Cir. 2009) (Newman, J. concurring). ("With respect to *inter partes* reexamination, 35 U.S.C. § 318 commits the grant of a stay to the district court's discretion with special heed to the concerns of the patentee."). Here, the record is replete with evidence suggesting that the presumptive grant of a section 318 *inter partes* stay would not disserve the interests of justice, including:

- Apple chose to file requests for four reexaminations, including two *inter partes* examinations, two months before it filed this declaratory judgment action;
- The PTO already issued First Office Actions on Apple's requests in both *inter partes* and *ex parte* reexaminations, and that S3G's substantive responses to the First Office Actions are due in less than one month;
- Apple may fully participate in and comment on proceedings in the *inter partes* reexaminations;
- All of the patent claims involved in both the *inter partes* and *ex parte* reexamination also are involved in the pending ITC investigation; the ITC's Final Determination is scheduled for November 1; and any ITC holding as to the validity of the asserted claims can be immediately appealed to the Federal Circuit.

Second, even though 35 U.S.C. § 318 directly applies only to *inter partes* reexaminations, the fact that the patents involved in the *inter partes* and *ex parte* reexaminations share the same specification and have closely related claims, militates towards a stay in both the *inter partes* and *ex parte* reexaminations.

Third, this Court has routinely granted stays of litigation pending reexamination for cases involving both *ex parte* and *inter partes* proceedings based on principles of fairness and judicial economy. *See, e.g.*, *AT&T Intellectual Property I v. TiVo, Inc.*, C 10-01059 SBA, 2011 U.S. Dist. LEXIS 22938 (N.D. Cal.  Mar. 1, 2011) (granting stay of entire action pending reexaminations of all four patents at issue, one *inter partes* and three *ex parte*); *Akeena Solar Inc. v. Zep Solar Inc.*, No. C 09-05040 JSW 2010 U.S. Dist. LEXIS 47909 (N.D. Cal. Apr. 14, 2010) (granting stay pending *inter partes* reexamination of single patent at issue); *In re Cygnus Telecom. Tech., LLC Patent Litig.*, 385

1   F. Supp. 2d 1022 (N.D. Cal. 2005) (granting stay pending *ex parte* reexaminations of two patents at
2   issue).

3         The determination of whether to grant a stay pending the outcome of the PTO's *ex parte*
4   reexamination resides soundly within the Court's discretion. *See In re Cygnus*, 385 F. Supp. 2d at
5   1023 (citing *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985)). When ruling on such
6   a stay, courts consider several factors: (1) the stage of the litigation, including whether discovery is
7   or will be almost completed and whether the matter has been marked for trial; (2) whether a stay will
8   unduly prejudice or tactically disadvantage the nonmoving party; and (3) whether a stay will
9   simplify the issues in question and streamline the trial, thereby reducing the burden of litigation on
10  the parties and on the court. *Methode Elecs., Inc. v. Infineon Techs. Corp.*, No. 99-21142, 2000 U.S.
11  Dist. LEXIS 20689, at *5-6 (N.D. Cal. Aug. 7, 2000). Moreover, this Court has expressed a "liberal
12  policy in favor of granting motions to stay proceedings pending the outcome of USPTO
13  reexamination or reissuance proceedings." *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378,
14  1381 (N.D. Cal. 1994) (reaffirmed in Order Granting Tivo Inc.'s Motion to Stay Pending
15  Reexamination at 5, *Microsoft Corp. v. TiVo Inc.*, 5:10-cv-00240-LHK, ECF No. 100 (N.D.Cal. May
16  6, 2011) (granting stay)).

17        **B.**    **The Early Stage of The Present Litigation Favors Issuance of a Stay**

18        The early stage of a litigation weighs in favor of granting a stay pending reexamination. *See*
19  *Target Therapeutics Inc. v. SciMed Life Sys., Inc.*, 33 USPQ2d 2022, 2023 (N.D. Cal. 1995) (holding
20  that the absence of "significant discovery" or "substantial expense and time . . . invested" in the
21  litigation weighed in favor of staying the litigation); *see also ASCII Corp.*, 844 F. Supp. at 1381
22  (granting stay where parties had undertaken little or no discovery and the case had not yet been set
23  for trial). The instant action remains in its very early stages, wherein S3G has only just provided
24  infringement contentions and Apple has not yet provided validity contentions.

25        It is fair to say that a great deal of discovery has already been taken by S3G and Apple during
26  proceedings before the ITC on the four patents now in reexamination. Yet trial on the patents in
27  reexamination occurred in April 2011; the Administrative Law Judge issued an Initial Determination
28  regarding both the validity and infringement of those patents in July 2011; both S3G, Apple, and the

1  ITC Staff have filed petitions for review of the Initial Determination; and the ITC is scheduled to
2  issue a Final Determination in that matter on November 1, 2011. This Court should not be required
3  to serve as a court of review over the proceedings, evidence, and rulings in this earlier-tried matter.

4  **C.   A Stay Will Not Unduly Prejudice Plaintiff**

5  In determining whether to grant a stay, courts also consider any resulting undue prejudice on
6  the nonmoving party. *See Methode Elecs.*, 2000 U.S. Dist. LEXIS 20689, at *7. Granting a stay does
7  not cause the nonmoving party undue prejudice when that party has not invested substantial expense
8  and time in the litigation. *Id.* The delay inherent to the reexamination process does not generally
9  constitute, by itself, undue prejudice. *Pegasus Dev. Corp. v. DirecTV, Inc.*, No. 00-1020-GMS, 2003
10 U.S. Dist. LEXIS 8052, at *2 (D. Del. May 14, 2003).

11 Although both parties have invested substantial time and expense in litigating these patents in
12 the ITC, as discussed above, this action remains in the early stages and neither party has made
13 substantial investments in this action to date. Moreover, Apple itself previously moved for a stay of
14 this action under 28 U.S.C. § 1659(a), which provides for a mandatory stay of a civil action until
15 completion of parallel ITC proceedings. (*See* Docket Index 10; 28 U.S.C. § 1659(a).) Thus, Apple's
16 own conduct demonstrates that it would suffer no undue prejudice as the result of a stay of this
17 action.

18 Courts also consider evidence of dilatory motives or tactics, such as when a party unduly
19 delays in seeking reexaminations of a patent. *Methode Elecs.*, 2000 U.S. Dist. LEXIS 20689, at *7.
20 In this instance, however, it was Apple itself that requested reexamination of the patents at issue—
21 not S3G—and any infelicity to Apple resulting from its own requests for reexamination cannot be
22 used by Apple to claim undue prejudice.

23 Finally, S3G notes that Apple has suggested in its portion of the CMC Report that discovery
24 in this case warrants the imposition of a broad "prosecution bar" against S3G's counsel. Docket
25 Index 39 at 6-7. But that ignores the fact that the ITC has already carefully considered and ruled
26 against Apple on this very issue. *Id.* Yet, to the extent that Apple wishes to avoid any further
27 imagined prejudice arising from renewed discovery in this case, S3G notes that this Court's grant of
28 the requested stay would maintain the status quo pending (1) the ITC's Final Determination in the

earlier-tried ITC investigation, (2) an immediate appeal of right to the Federal Circuit from the ITC's Final Determination, and (3) the issuance of Reexamination Certificates by the PTO. Thus, grant of the requested stay in fact shields Apple from any imagined prejudice.

### D. A Stay Will Simplify the Issues, Streamline the Trial, and Reduce the Burden of Litigation on Both the Parties and the Court

Now that the PTO has issued its "First Office Actions" in each of the four pending patent reexaminations, continuing to litigate the patents in parallel with the PTO's reexamination proceedings makes little sense. Rather, it would be most efficient to wait until the PTO proceedings are completed and the PTO issues reexamination certificates for the patents at issue, detailing what changes (if any) eventually result from its reexaminations.

Indeed, only 11% of *ex parte* reexaminations result in a cancelation of all claims, while 77% of *ex parte* result in either canceled or amended claims. Appendix A, U.S. Patent & Trademark Office, *Ex Parte* Reexamination Filing Data - June 30, 2011. With respect to *inter partes* reexaminations, only 44% result in cancelation of all claims, while 87% of *inter partes* reexaminations result in either canceled or amended claims. Appendix B, U.S. Patent & Trademark Office, *Inter Partes* Reexamination Filing Data - June 30, 2011. Thus, "waiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." *Target Therapeutics*, 33 USPQ2d at 2023. *See also Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983); *Pegasus*, 2003 U.S. Dist. LEXIS 8052, , at *1-2 (noting the benefits of granting a stay pending reexamination include potentially narrowing the issues, reducing the complexity and length of trial, alleviating discovery problems relating to prior art, and encouraging settlement or even dismissal if the patent is declared invalid). Moreover, based on the latest available Federal Court Management Statistics,[4] it would appear unlikely that the present case would come to trial before the claim construction and validity issues are presented to (and decided by) the Federal Circuit.

---

[4] *See* http://www.uscourts.gov/viewer.aspx?doc=/cgi-bin/cmsd2010Dec.pl, for "California Northern."

Moreover, as the Northern District of California recognized when granting a stay in the *Microsoft v. Tivo* case, "since it is possible that this Court and the PTO could reach inconsistent conclusions regarding the same patent, there is a significant concern of wasting resources by unnecessarily proceeding." Order Granting Tivo Inc.'s Motion to Stay Pending Reexamination at 7, *Microsoft Corp. v. TiVo Inc.*, 5:10-cv-00240-LHK, ECF No. 100 (N.D.Cal. May 6, 2011) (quoting *Ricoh Co. v. Aeroflex Inc.*, 2006 U.S. Dist. LEXIS 93756, at *23 (N.D. Cal. Dec. 14, 2006). Thus, "[i]f this Court were to deny the stay and proceed to trial, it is possible that the time, resources, and significant efforts of all those involved in such a trial, including a jury, would be wasted." *Id*. A stay of proceedings in this technically complex, multi-patent validity contest involving systems and methods using "fixed-rate image compression for textures" would conserve judicial resources and serve the interests of justice.

### III. S3G Properly Opposed Apple's Improper Attempt to Invoke 28 U.S.C. § 1659 And Has Now Properly Filed the Present Motion for Stay Invoking 35 U.S.C. § 318 and This Court's Inherent Equitable Powers

As discussed above, S3G previously opposed Apple's attempt to stay this action *under 28 U.S.C. § 1659(a)*, which provides for a *mandatory* stay of a civil action until completion of all parallel proceedings relating to the ITC investigation. As shown in S3G's Opposition, Apple's ploy improperly sought to advantage Apple and to prolong S3G's efforts to obtain final relief in this matter. *See* Defendants' Opposition to Plaintiff's Motion to Stay Pursuant to 28 U.S.C. § 1659, Docket Index 21. The issues raised in response to that motion have nothing to do with the limited stay issues raised here.

Apple subsequently withdrew its section 1659 motion prior to a decision by this Court. Docket Index 23. However, despite S3G's unwillingness to acquiesce to a stay under section 1659, S3G now appropriately requests this Court to issue a stay tied to a PTO reexamination process that is free of potential dilatory influences from either party, supported by the statutory presumption of 35 U.S.C. § 318, and, pursuant to statute, "conducted with special dispatch." 35 U.S.C. § 305.

### IV. Conclusion

For the reasons set forth above, and pursuant to 35 U.S.C. § 318 and the relevant precedent of this Court cited above, S3G asks this Court to grant the present motion and to stay the instant civil

1  action until such time as 1) the PTO has concluded its *ex parte* and *inter partes* reexaminations of

2  the four asserted patents and issued Reexamination Certificates for each or 2) until six months after

3  the PTO issues a Reexamination Certificate on any of the four asserted patents, whichever occurs

4  first.

6  Dated: August 12, 2011                    FINNEGAN, HENDERSON, FARABOW,
                                                GARRETT & DUNNER, L.L.P.

                                             By: _____/s John Alison_____
                                                John R. Alison (*admitted pro hac vice*)
                                                FINNEGAN, HENDERSON, FARABOW,
                                                   GARRETT & DUNNER, L.L.P.
                                                901 New York Ave, N.W.
                                                Washington D.C. 20001-4413
                                                Telephone: (202) 408-4000
                                                facsimile:  (202) 408-4400

                                                Scott R. Mosko
                                                scott.mosko@finnegan.com
                                                C. Larry O'Rourke (State Bar No. 219255)
                                                larry.orourke@finnegan.com
                                                FINNEGAN, HENDERSON, FARABOW,
                                                   GARRETT & DUNNER, L.L.P.
                                                Stanford Research Park
                                                3300 Hillview Avenue
                                                Palo Alto, California 94304-1203
                                                Telephone:(650) 849-6600
                                                Facsimile: (650) 849-6666

                                                John R. Alison (*admitted pro hac vice*)
                                                Thomas L. Jarvis (*admitted pro hac vice*)
                                                John M. Williamson (*admitted pro hac vice*)
                                                FINNEGAN, HENDERSON, FARABOW,
                                                   GARRETT & DUNNER, L.L.P.
                                                901 New York Ave, N.W.
                                                Washington D.C. 20001-4413
                                                Telephone:         (202) 408-4000
                                                facsimile:  (202) 408-4400

                                                Attorneys for Defendants
                                                S3 GRAPHICS CO, LTD. and S3
                                                GRAPHICS, INC.